**EXHIBIT A**



**COLORADO**
Department of
Regulatory Agencies
Colorado Civil Rights Division

1560 Broadway Street, Suite 825
Denver, CO 80202

Charge No. FE2018026693

Katherine Smith
5101 S. Rio Grande St. #5-309
Lakewood, CO 80120                                Complainant

Rite of Passage, Inc.
d/b/a Rite of Passage
2560 Business Parkway, Suite A
Minden Nevada 89423                               Respondent

## DETERMINATION

### Jurisdiction

Under the authority vested in me by C.R.S. 24-34-306(2), I conclude from our investigation that there is insufficient evidence to support the Complainant's claims of discrimination. As such, a **No Probable Cause** determination is hereby issued.

The Respondent is an employer within the meaning of C.R.S. 24-34-401(3), as re-enacted, and the timeliness and all other jurisdictional requirements pursuant to Title 24, Article 34, Parts 3 and 4 have been met.

The Respondent is a corporation that provides programs and opportunities for at-risk youth. The subject property is a correctional facility, which provides housing and schooling to high risk and high needs juvenile girls. The subject property is a facility owned by the Colorado Department of Corrections, operated by the Respondent within the State of Colorado, and employs more than 15 employees.

### Allegations and Defenses

The Complainant alleges that on or about September 1, 2017, and continuing, she was harassed by a supervisor based on her sex (Female) while in the position of Registrar. Moreover, the Complainant alleges that on or about January 1, 2018, she was not promoted based on her protected class and/or in retaliation for engaging in protected activity. Lastly, the Complainant contends that on or about January 1, 2018, she was subjected to unequal terms and conditions of employment based on her protected class and/or in retaliation for engaging in protected activity.

1

The Respondent avers that it conducted multiple investigations into the Complainant's allegations of discrimination. The Respondent contends that one of her complaints was determined to be partially found and that prompt and remedial action was taken. Furthermore, the Respondent denies the Complainant's allegations of retaliation and avers that no action was taken against her following her complaints.

### Relevant Policies and Comparative Data

The Respondent maintains an Equal Employment Opportunity ("EEO") policy, as well as a Prohibited Discrimination, Harassment, and Retaliation policy, which prohibit any discrimination or harassment on the basis of certain protected classes, expressly including sex. In particular, the Respondent maintains a Zero-Tolerance sexual abuse and sexual harassment clause. Moreover, the Respondent prohibits retaliation against an employee for complaints regarding suspected harassment or discrimination. All employees are instructed to report any such incidents and are encouraged to follow the complaint procedure. The Respondent also offers a Grievance procedure detailing its process. The Grievance procedure is in place to "1) to encourage employees to make reasonable efforts to resolve legitimate issues of concern," and "2) to provide employees with a dispute resolution procedure for requesting review of a dispute concerning an adverse employment action, unjust discipline, or unfair working conditions." These policies and procedures are available to the Complainant, and all employees, as part of the Respondent's online resource database. In addition, all employees, including the Complainant, are required to sign and acknowledge the receipt and review of each policy upon hire.

Of the 49 persons employed by the Respondent during the relevant time period, including the Complainant, 32 (65%) were female. The Respondent avers that it has not received complaints of discrimination or harassment from other employees, during the relevant period.

### Legal Framework

In this case, the Complainant has the burden to prove each element of each claim ("prima facie case") by a preponderance of the evidence. Preponderance of the evidence means evidence that is more convincing (even if minimally) than the evidence presented by the other party. If the Complainant meets this initial burden of proof, then the burden shifts to Respondent to provide a legitimate, non-discriminatory reason for the action taken. If the Respondent offers a legitimate, non-discriminatory reason for its action, the burden shifts back to the Complainant to prove that the reason asserted by the Respondent is a pretext or coverup for a discriminatory action. Colorado Civil Rights Commission v. Big O Tires, Inc., 940 P.2d 397 (Colo. 1997), and Ahmad Bodaghi and State Board of Personnel, State of Colorado v. Department of Natural Resources, 995 P.2d 288 (Colo. 2000).

### Analysis

Harassment by a Supervisor Resulting in Tangible Action:

To prevail on a claim of discriminatory harassment by a supervisor that results in a significant change in employment status, the evidence must show that: (1) the Complainant is a member of a protected class; (2) the Complainant was subjected to adverse treatment based on his/her protected class; (3) the treatment was severe or pervasive; and (4) the treatment had the purpose or effect of creating a work environment that was both objectively and subjectively hostile, intimidating, or offensive.

The Complainant is a member of a protected class based on her sex (Female). The Complainant alleges that on or about September 1, 2017, prior to and thereafter, she was subjected to adverse treatment based on her protected class when her supervisor, Matthew Martinez, ("Martinez") (Male) Instructional Team Leader "ITL," allegedly exposed her to offensive and unwelcome attention. For example, the Complainant alleges that Martinez often asked her out on dates and showed her pictures of naked women on his phone. If the Complainant's allegations were substantiated, such mistreatment could be considered severe and pervasive and as having the purpose or effect of creating a work environment that was both objectively and subjectively hostile, intimidating, or offensive.

The evidential record reflects that on or around July 2017, the Respondent initiated an investigation after the Complainant reported a number of concerns relating to Martinez, including accusing him of subjecting her to harassment based on her sex. The Respondent's investigation included a review of internal documents and communications as well as interviews of various employees, including an interview of Martinez, who was placed on administrative leave during the investigation.

According to investigative reports, Martinez admits to showing the Complainant a picture of his girlfriend, but affirms that she was fully clothed. Martinez also denies asking the Complainant, or any other employee, out on dates, but avers that he has asked employees to attend team-building events outside of work. Conversely, the Respondent found that Martinez showed the Complainant a sunburn on his abdomen and spoke about a genital injury in her presence. The Respondent also established that "Martinez texted [the Complainant] almost to an excessive rate," but found that none appeared harassing as they were work related. Lastly, during one of the interviews, the Respondent learned that Martinez had discussed the appearance of many female employees and had to be redirected from sexualizing the staff. Although, the Respondent found that some of Martinez's actions were considered inappropriate for a supervisor, it determined that "there was no evidence establishing that [the Complainant] had been sexually harassed."

The evidential record indicates that the Respondent took action in response to their investigation findings. In particular, the Respondent decided to suspend Martinez for two days, it moved the Complainant and Martinez to separate offices, and Martinez was instructed not to have contact with the Complainant after work hours. Furthermore,

Martinez was required to complete a sexual harassment training. Although Martinez remained the Complainant's supervisor, he was directed to report to management officials on a weekly basis for the next 90 days. The Respondent avers that it did not specify any results of the investigation or actions taken in response due to confidentiality and objective reasons. Thus, on or about July 13, 2017, the Respondent informed the Complainant that the investigation had been completed, but that "portions of the facts presented are too inconclusive to substantiate [her] allegations."

Moreover, on or about February 23, 2018, the Complainant submitted a resignation letter to the Respondent, claiming that Martinez had created a hostile work environment for her. The Complainant also claimed that she was being required to perform duties outside of her job description, that she was not properly compensated, and that "she had received a lack of support and a hostile relationship with [the Respondent's] Human Resources Department." However, the record reflects that on or about February 26, 2018, and thereafter, the Respondent attempted to address the Complainant's concerns by detailing the need and/or reasoning behind her job assignments and explaining to her the Respondent's pay distinctions. Moreover, the record reflects that on or about February 28, 2018, the Complainant met with Regional Human Resources Manager, Karen Doyle, ("Doyle") (Female), and Program Director, Shawnetta Madden, ("Madden") (Female), to discuss her resignation and allegations of unequal pay and retaliation.

The Respondent avers that Doyle instructed the Complainant to submit a grievance form and informed her that her claims would be investigated, as detailed in the Respondent's policies. The evidence demonstrates that the Complainant submitted five written complaints against Martinez, and as a result, the Respondent opened a second investigation and placed Martinez on leave. The evidential record establishes that the Respondent did not find violation of company policies relating to harassment, discrimination, or retaliation and cleared Martinez of the Complainant's claims. However, the Respondent no longer permitted Martinez to return to its facility due to the Complainant's employment at the facility and her continued allegations against him. The record reflects that Martinez declined to be reassigned to another location and submitted his resignation on or about March 23, 2018.

Alarmingly, the Complainant alleges to have been sexually assaulted by Martinez on or about July 5, 2017. The Complainant alleges to have reported such incident to Sampson, who allegedly advised her not to report it to Human Resources. The Complainant admits that she did not report the incident to anyone else, including Human Resources and/or police enforcement. The Respondent, including Sampson, contend that the Complainant raised numerous concerns about Martinez, but never reported any sexual assault. Although such allegations seem severe or pervasive, the Respondent has established that it took prompt and remedial action in effort to stop or prevent a work environment that was both objectively and subjectively hostile, intimidating, or offensive to its employees, including the Complainant. Therefore, the evidence is insufficient to substantiate a claim of discriminatory harassment by a supervisor.

4

Refusal to Promote:

To prevail on a claim of discriminatory refusal to promote, the evidence must show that: (1) the Complainant is a member of a protected class; (2) the Complainant applied for a promotion; (3) the Complainant was qualified for the position sought; (4) the Complainant was not promoted; and (5) the circumstances give rise to an inference of unlawful discrimination based on a protected class.

The Complainant is a member of a protected class based on her sex (Female). The record reflects that on or about March 12, 2018, the Complainant attempted to apply for the position of Instructional Team Leader "ITL," but was informed that the position had not been posted. Moreover, the evidence demonstrates that once the ITL job position was open, the Complainant submitted her application on or about May 21, 2018. The evidence indicates that the Complainant was not qualified for the position sought, and therefore, was not promoted. The ITL job description required candidates to have a State teaching credential, an Administrator Certification or a professional growth plan with a timeline for completion of the certification, among other requirements.

The record reflects that the Respondent met with the Complainant and explained to her that she did not possess the necessary credentials for the position of ITL. The Respondent also avers that the Complainant did not indicate an effort to obtain the qualifications discussed. In addition, the person hired for the ITL position is female and maintains all qualifications announced on the job description. Therefore, such circumstances do not give rise to an inference of unlawful discrimination based on a protected class. Furthermore, the evidence does not substantiate a claim discriminatory refusal to promote.

Terms and Conditions of Employment:

To prevail on a claim of discriminatory terms and conditions of employment, the evidence must show that: (1) the Complainant is a member of a protected class; (2) the Complainant was subjected to adverse terms or conditions of employment; and (3) similarly situated employees not of the Complainant's protected class[es] were not subjected to such adverse terms/conditions.

The Complainant is a member of a protected class based on her sex (Female). The Complainant alleges that on or about January 1, 2018, she was subjected to adverse terms or conditions of employment. However, the Complainant has not provided information detailing any adverse action or adverse terms or conditions of employment that allegedly occurred on or about January 1, 2018. Therefore, there is insufficient evidence to substantiate a claim of discriminatory terms and conditions of employment.

Retaliation:

To prevail on a claim of discriminatory retaliation, the evidence must show that: (1) the Complainant (or an individual within the Complainant's zone of interest) engaged in protected activity, i.e., opposed unlawful discrimination or participated in an investigation thereof; (2) the Complainant was subjected to adverse treatment that would dissuade a reasonable person from engaging in protected activity; and (3) the Complainant was subjected to the adverse treatment because of the protected activity.

The Complainant alleges that on or about December 14, 2017, she engaged in a protected activity when she complained to the Respondent's Program Director, Penny Sampson ("Sampson") (Female) that she was subjected to harassment based on her sex. Moreover, the Complainant alleges that subsequent to her complaint, she was subjected to the adverse treatment of increased amounts of work duties, which allegedly were outside of her job description; overturned a previous job promotion offer; and was given a negative job performance, resulting in her losing a merit pay increase.

The Respondent admits that the Complainant did speak to Sampson; however, Sampson avers that the Complainant raised concerns about work duties assignments and issues with her pay. The Respondent has established that the Complainant's job assignments and additional tasks fit within the work needs and/or job description of a Registrar. In addition, the Respondent admits to discussing the Complainant's potential for advancement, but denies ever promising her a job promotion. Furthermore, the record reflects that although the Complainant's job evaluation was completed after its due date, the result was positive and resulted in a retroactive merit pay increase of 4%. Therefore, the evidence demonstrates that the Complainant was not subjected to any adverse treatment. In addition, although the Complainant engaged in protected activity by complaining to the Respondent, there is no evidence substantiating a retaliatory action and/or discriminatory retaliation.

Based on the evidence contained above, I determine that the Respondent has not violated C.R.S. 24-34-402, as re-enacted.

### Appeal and Dismissal Information

In accordance with C.R.S. 24-34-306(2)(b)(I)(A) and Rule 10.6(A)(1) of the Commission's Rules of Practice and Procedure, the Complainant may appeal the dismissal of this claim to the Commission within ten (10) days, as set forth in the enclosed form.

If the Complainant wishes to file a civil action in a district court in this state, which action is based on the alleged discriminatory or unfair practice that was the subject of the charge filed with the Division, such must be done:

        a.     Within ninety (90) days of the mailing of this notice if no appeal is filed with the Colorado Civil Rights Commission or

      b.    Within ninety (90) days of the mailing of the final notice of the Commission dismissing the appeal.

If the Complainant does not file an action within the time limits specified above, such action will be barred and no State District Court shall have jurisdiction to hear such action. C.R.S. § 24-34-306(2)(b)(I)(C).

On Behalf of the Colorado Civil Rights Division

*Sarah R. Lyons*     4·30·19

Aubrey Elenis, Director     Date
Or Authorized Designee

# HOW TO FILE AN APPEAL OF THE DIRECTOR'S DETERMINATION

### Commission's Authority

You have been issued a Determination dismissing your case regarding your charge of discrimination. If you disagree with the Director's decision in the dismissal of your charge, you have the right to appeal that determination [C.R.S. 24-34-306(I)(A)] to the Colorado Civil Rights Commission (Commission). The Commission is a separate and distinct body from the Colorado Civil Rights Division (CCRD). The Commission is composed of seven members appointed by the Governor and one of its many functions is to review properly filed appeals.

The Commission has the option to either:

1) *Uphold* the Director's determination, thus dismissing your case;

2) *Remand* the case to the Division for further investigation on a specific issue; or

3) *Reverse* the Director's determination.

### Filing Requirements

**The appeal process is not intended to simply review the evidence already submitted, which formed the basis of the Director's determination.** The Commission will only consider a properly filed appeal wherein:

*Available, substantial, and relevant evidence exists now that was previously not available, presented, and considered during the investigation; or*

*There is clear evidence that existing evidence was misinterpreted or the determination was based on erroneous information.*

**In both, it is your responsibility to submit the above information along with your Notice of Appeal.**

### Filing Procedure

**The Notice of Appeal form and relevant documentation MUST be received in the Civil Rights Division's office WITHIN 10 DAYS from the date of the mailing of the Director's Determination.**

If your appeal is not received within the 10-day time limit, you will lose your right to appeal. Filling out any other form included in this mailing does not change the 10-day deadline for appeal. If you wish to appeal, but cannot file a written appeal within the 10-day time limit, contact the Appeal Coordinator *before* the 10-day period is over to request an extension of the filing deadline. A verbal request for an extension must be confirmed in writing and an extension is not official until approved by the Commission.

If you are asserting that *relevant evidence exists now that was previously not available, presented, and considered during the investigation,* you will need to attach a copy of that evidence with your Notice of Appeal. If you assert that there is witness testimony to support your appeal, please submit a statement from your witness(es). It is not sufficient for you to simply provide the name of the witness(es). The witness statement(s) should include testimony that is specifically relevant to your case and argument. It must also include the current telephone number(s) and address(es) of the witness(es). Witness statements need not be notarized.

If you are asserting that *existing evidence was misinterpreted or the determination was based on erroneous information*, you will need to identify the particular evidence and specific facts that were misinterpreted. You must also specify how this misinterpretation effected the overall case decision. It is not sufficient to simply state that you disagree with the Director's decision.

Upon receipt of your Notice of Appeal, if it is determined that the appeal is either:
1) untimely;
2) you have failed to provide new evidence that was previously unavailable; or
3) you have failed to identify specific information regarding a misinterpretation of evidence or erroneous basis for the determination;

you will be notified in writing that your appeal has been denied. You will also be provided with a Notice of Dismissal and, in Employment cases, you will be provided with a notification regarding the allowable time frames in which you may file an action in civil court.

If you have submitted the necessary information required for consideration, your case will be reviewed on appeal by the Commission at a regularly scheduled Commission meeting. You will be notified of the time and date of the Commission meeting for your appeal review, and will be asked to be available by telephone during the meeting for possible questions by the Commission.

General Information

If it is necessary for you to examine the information in your file in conjunction with preparing your appeal, please make arrangements to review your case file prior to your submission of the Notice of Appeal. <u>Since your Notice of Appeal must be filed within ten (10) days, it is advisable that you make this appointment as soon as possible.</u> Please contact the Commission Coordinator at (303) 894-2997, or 1-800-262-4845 (outside Denver area only), if you wish to review the file.

It is <u>not</u> necessary for you to file an appeal in order to exhaust the administrative process. In Employment cases, the enclosed Letter of Determination includes the notice of Right to Sue, which allows you to file your case in the civil court having appropriate jurisdiction.

If you are filing an appeal, please return the Notice of Appeal and documentation to:

**COLORADO CIVIL RIGHTS DIVISION**
Attn.: Appeal Coordinator
1560 Broadway, Suite 825
Denver, CO 80202-5143

By fax:   (303) 894-7830
By e-mail: CCRD@dora.state.co.us

# NOTICE OF APPEAL to the COLORADO CIVIL RIGHTS COMMISSION

**Instructions:**

If you are filing an Appeal, this form must be submitted <u>within **ten (10) days**</u> of the date of the mailing of the Director's determination of no probable cause. If you wish to obtain an extension to file, you must contact the Appeal Coordinator *before* the 10-day period is over and a verbal request for an extension must be confirmed in writing. An extension of time to file the appeal is not official until approved by the Commission.

Please type or use black ink. Attach additional pages and/or documents as necessary.

**Charge No.:** _____

**Charging Party:** _____

    Current Address: _____ Apt.#: ___

    City: _____ State: _____ Zip Code: _____

    Telephone No(s): _____

**Respondent:** _____

A. **New Information Available :** What evidence is now available that was not available and presented during the investigation? What is the relevance and significance of this information to your case? Please attach copies of the new information, including any witness statements.

B. **Facts in Dispute:** What material facts presented in the Director's determination are incorrect or were misinterpreted? Please attach your argument and documentation to support your claim or make specific reference to evidence previously submitted in the investigation.

PLEASE NOTE: <u>Failure to state a specific reason or reasons for appeal will result in automatic denial of a review of your appeal by the Commission.</u>

After it is determined your appeal filing is accepted and warrants consideration, the appeal will be scheduled for review at a regularly scheduled Commission meeting. You will be notified of the date and time of your scheduled appeal review. The parties will only be contacted during the Commission meeting if the Commission has questions of the Charging Party or Respondent.

• Can you be available by telephone during working hours for the Commission meeting?  Yes    No

_____        _____
**Signature**                                                    **Date**

Please return this form to :
Colorado Civil Rights Division
Attn .: Appeal Coordinator
1560 Broadway, Suite 825
Denver, CO 80202 -5143
or Fax:    303-894-7830
or E-mail: CCRD@dora.state.co.us



**COLORADO**
Department of
Regulatory Agencies
Colorado Civil Rights Division

1560 Broadway Street, Suite 825
Denver, CO 80202

Because your complaint was concurrently filed with the Equal Employment Opportunity Commission ("EEOC") under Title VII of the Federal Civil Rights Act of 1964 and/or the Americans with Disabilities Act, you also have the right to request that the EEOC conduct a Substantial Weight Review of the Determination.

If you have any questions regarding a *Substantial Weight Review*, please contact:

*State and Local Unit*
*3300 N. Central Ave. Suite 690*
*Phoenix, AZ 85012*
*Or by email: Phoenix.Intake@eeoc.gov*

To obtain a Substantial Weight Review, you must send your request in writing, within 15 days of the date of your receipt of this Determination to the above address.

Your request for a substantial weight review by the EEOC will not extend the 10-day period to file an appeal to the Colorado Civil Rights Commission. If you intend to appeal, you must do so within 10 days from the date of the letter of determination, even if you request a review by the EEOC.



## CERTIFICATE OF MAILING

This is to certify that on **May 2, 2019** a true and exact copy of the Closing Action of the above-referenced charge was deposited in the United States mail, postage prepaid, addressed to the parties and/or representatives listed below.

CCRD Case Number:
**FE2018026693**

EEOC Charge Number:
**32A-2018-00529**

Katherine Smith
5101 S. Rio Grande St. #5-309
Lakewood, CO 80120

Laren E. Knoll, Esq.
Niki Hanselman, Esq.
The Knoll Law Firm LLC,
7240 Muirfield Drive, Suite 120,
Dublin, Ohio 43017

Rite of Passage, Inc.
d/b/a Rite of Passage
2560 Business Parkway, Suite A
Minden, Nevada 89423

Gillian Dale | Member
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, CO 80202

_____
**David L. Martinez**
**Colorado Department of**
**Regulatory Agencies**
Division of Civil Rights
1560 Broadway, Suite 825
Denver, CO 80202
david.l.martinez@state.co.us
www.dora.state.co.us